(No. 5598. Decided September 5, 1905.)

A. G. MATHER, *Appellant,* v. KING COUNTY, *Respondent.*[1]

COUNTIES—COUNTY COMMISSIONERS—GRAND JURY—NO AUTHORITY TO EMPLOY STENOGRAPHER FOR GRAND JURY. A grand jury being a distinct body with powers defined by statute, the county commissioners have no power to employ a stenographer for the grand jury, no such person other than one of their number, chosen as clerk under Bal. Code, § 6810, being eligible to attend the sessions.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 23, 1905, dismissing an

[1]Reported in 82 Pac. 121.

action to recover for services as stenographer for the grand jury, upon sustaining a demurrer to the complaint. Affirmed.

*Byers & Byers,* for appellant.

*Kenneth Mackintosh* and *Ernest B. Herald,* for respondent.

MOUNT, C. J.—Plaintiff brought this action in the court below, alleging that he had been employed by the board of county commissioners of King county to act as stenographer for the grand jury; that, under such employment, he rendered services which were a necessary expense, and were reasonably worth $477.51; that the board of county commissioners of said county audited, allowed, and paid his claim for such services for the month of January, 1903, amounting to the sum of $211.40, but refused to allow for such services for the months of February and March, and rejected plaintiff's claim therefor, in the sum of $266.10. The court below sustained a general demurrer to the complaint. Plaintiff elected to stand on the allegations of his complaint, and the action was dismissed. Plaintiff appeals.

Appellant contends that, under the general powers of the county commissioners, as defined by Bal. Code, § 342, "to allow all accounts legally chargeable against such county, not otherwise provided for, . . . to have the care of the county property, and the management of the county funds and business . . .," the county commissioners have a right to employ, and pay for the services of, a stenographer for the grand jury sitting in King county. It is not contended that there is any provision of law authorizing a stenographer for a grand jury, but appellant claims that such person is necessary for the dispatch of the business of that body, and that the county commissioners, under their general authority, have the right to employ one; and, having done so, must pay him out of the county funds. This, of course, depends upon the authority of the county commissioners to employ a stenographer for that purpose. If they have no authority to employ, they have no right

to use the county funds to pay for one unlawfully employed.

The duties, powers, and officers of a grand jury are specifically defined by statute. That body exercises a judicial function in the administration of the criminal law, under the direction and advice of the judge of the superior court. The grand jury performs no service, directly or indirectly, necessary for the corporate objects or purposes of the county. It has no control over the officers of the county, and the board of commissioners, therefore, under their general authority, have no control over the affairs of the grand jury, and no authority to contract debts for the convenience of the grand jury. Both are distinct bodies, having well defined duties. The officers of a grand jury consist of a foreman, appointed by the superior judge, "and the jury may appoint one of their number as clerk to keep a minute of their proceedings." Bal. Code, § 6810. "The prosecuting attorney shall attend on the grand jury for the purpose of examining witnesses, and giving them such advice as they may ask." Bal. Code, § 6812. No other person is authorized by law to attend upon the sessions of the grand jury. The legislature, having provided for the officers of that body, it is not within the power of the county commmissioners to provide other officers or employees. *Smith v. Lamping,* 27 Wash. 624, 68 Pac. 195.

The statute expressly says, "the jury may appoint one of their number as clerk to keep a minute of their proceedings." This clerk must be one of the jurors. No other person is eligible, and no other person can lawfully be in attendance upon the sessions of that body, by appointment of any power. Certainly, the county commissioners have no authority to provide stenographers or clerks for the grand jury. It is not alleged in the complaint that the plaintiff was a member of the grand jury. If he was not a member of that body, he had no right to act as clerk or stenographer at all. If he was a member, his pay as grand juror in-

cluded his labor as clerk, because no extra compensation is provided therefor.

Appellant contends that the services of stenographer were necessary for the proper dispatch of the business of the grand jury, and therefore such services should be paid for. This argument might properly be addressed to the legislature in behalf of a law authorizing such assistance for grand juries; but where there is no authority in law for such employment, and no provision for paying for such services as extra services, courts are powerless to give relief.

We conclude that the county commissioners of King county had no authority to employ or pay for a stenographer for a grand jury. The judgment of the lower court is therefore affirmed.

FULLERTON, RUDKIN, CROW, and HADLEY, JJ., concur.